**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DAVID FRISBIE,**

    **Plaintiff,**

**v.**                                                         **Case No.  8:05-cv-756-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Uncontested Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. Section 2412(d)** (Doc. 17).  Plaintiff represents that the Commissioner has no objection to the motion, and the Commissioner did not file a response indicating otherwise.  Upon consideration, the court awards Plaintiff $4,388.24 in attorney's fees and $275.00 in costs.  This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed an application Supplemental Security Income payments, which were denied initially and upon reconsideration.  The ALJ conducted a hearing and denied Plaintiff benefits, and Appeals Council affirmed the ALJ's decision.  Subsequently, the Plaintiff filed this action seeking judicial review.  Upon motion of the Commissioner, on December 20,

2005, this court entered Judgment (Doc. 17) reversing the Commissioner's decision and remanding the case for further proceedings.

## II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Here, the motion for fees was filed within thirty days of final judgment. Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner's response does not contend otherwise. Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation."). Plaintiff seeks a fee of $5,485.30 based on 38.0 hours of work in 2005 at an enhanced rate of $144.35 per hour.

Respectfully, upon review of the memorandum (Doc. 12), the court finds that the hours claimed by counsel for outlining, drafting, organizing, and editing the pleading are somewhat excessive. Nearly half of the memorandum is devoted to a recitation of the administrative proceedings and medical evidence. While the administrative record in this case is somewhat lengthy, approximately 463 pages, counsel reports only very few hours devoted to reviewing the transcript. Further, while counsel raised numerous issues, they are issues common to such appeals and none are briefed extensively. In consideration of counsel's experience in handling cases such as this and given the rather routine nature of the claims, the itemized hours are simply excessive. In the court's view, proper billing judgment would prevent counsel from billing all these hours to her client, and the court finds them inappropriate for billing to the Commissioner. See Norman, 836 F.2d at 1301 ("[T]he

3

Supreme Court requires fee applicants to exercise 'billing judgment.' . . . This must necessarily mean that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary.") (citing Hensley, 461 U.S. at 434).  The court concludes that counsel's request for compensation for 38.00 hours should be reduced by 20% or 7.6 hours.

Counsel's hourly rate of $144.35 is within the accepted range in this market and is deemed reasonable.  The costs claimed for reimbursement of the $250.00 filing fee and the $25 fee for service of process on the United States Attorney are also reasonable.

Accordingly, it is **ORDERED** that **Plaintiff's Uncontested Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. Section 2412(d)** (Doc. 17) is **GRANTED** to the extent that Plaintiff's counsel is awarded attorney's fees in the amount of $4,388.24 and $275.00 in costs.

**Done and Ordered** at Tampa, Florida, this 6th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record